IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JIMMY RAY COLE                                                                                    PLAINTIFF

VS.                                                               CIVIL ACTION NO. 3:12cv581-DPJ-FKB

TYRONE LEWIS                                                                                   DEFENDANT

### ORDER

    Jimmy Ray Cole is a pretrial detainee at the Hinds County Detention Center in Raymond, Mississippi (HCDC).  He brought this action pursuant to 42 U.S.C. § 1983 challenging the conditions at HCDC.  Presently before the Court is Defendant's motion for summary judgment.  Plaintiff has failed to respond to the motion.  Having considered the motion, Plaintiff's complaint, and his testimony at the *Spears*[1] hearing, the Court concludes that the motion should be granted and this action dismissed with prejudice.

    Plaintiff alleges that at HCDC he has been subjected to standing water in the showers, exposed live electrical wires, and inadequate security.  He also claims that insufficient cleaning supplies are provided to inmates and that food trays are not properly clean.  Finally, he states that he was forced to sleep on a metal rack without a mattress for approximately two and one-half weeks.

    Pretrial detainees have a due process right not to be subjected to jail conditions that constitute punishment.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).  "Punishment" is "usually the manifestation of an explicit policy or restriction." *Shepherd v. Dallas Cnty.,* 591 F.3d 445, 453  (5th Cir. 2009).

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

However, it can also be manifested by a *de facto* policy if a pattern of conduct or condition is sufficiently extended or pervasive such that intent to punish may be presumed.  *Id.* at 452.  Proving the existence of a *de facto* policy "is a heavy burden."  *Id.*  Furthermore, the punishment is impermissible only if it bears no reasonable relationship to a legitimate governmental interest and if it causes a violation of a detainee's constitutional rights.  *Duvall v. Dallas Cnty.,* 631 F.3d 203, 207 (5th Cir. 2011).   A constitutional violation occurs when the complained of condition results in "serious deficiencies" in providing for the detainee's "basic human needs."  *Shepherd*, 591 F.3d  at 454.  In the present case, Plaintiff  describes conditions which were undoubtedly  unpleasant and uncomfortable.  However, he has not come forward with evidence of conditions that resulted in his being deprived of his basic human needs.  The Court concludes that Plaintiff has failed to establish a genuine issue of material fact.  Accordingly, Defendants' motion for summary judgment is hereby granted.  A separate judgment will be entered.

     Respectfully submitted, this the 10th day of October, 2013.

                              /s/ F. Keith Ball

                              UNITED STATES MAGISTRATE JUDGE